## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOMEDGAR DRAKE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:06-CV-1059-MEF** |
| **DONNA EDWARDS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## SPECIAL REPORT

COMES NOW the Defendant, **Donna Edwards**, by and through undersigned counsel, and in accordance with this Honorable Court's January 26, 2007 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Jomedgar Drake is an inmate of the Alabama Prison System.

2. Defendant Donna Edwards is a Classification Review Board Analyst for the Alabama Department of Corrections.

## EXHIBIT

EXHIBIT 1 – Affidavit of Donna Edwards.

## PLAINTIFF'S CLAIMS

Plaintiff claims that he has been wrongfully classified as a sex offender due to a previous Consent Order he voluntarily agreed to in February of 2007, and vaguely asserts that he brings this cause of action under 42 U.S.C. § 1983. Plaintiff demands that Ms. Edwards expunge any reference to sexual offenses from his file and pay court costs.

### DEFENDANT'S RESPONSE

1.    The Defendant denies that she violated the Plaintiff's constitutional rights.

2.    The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3.    The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Plaintiff makes no specific allegations against Donna Edwards.

5.    The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6.    The Defendant is immune from suit due to qualified immunity.

### STATEMENT OF FACTS

Plaintiff's classification as a sex offender arises out of a February 14, 2000, juvenile sexual abuse I consent decree.  Exhibit 1.  Plaintiff was initially classified as a sex offender on February 15, 2006. Exhibit 1.  At that time, a partial Pre-Sentence Investigation was available showing the previous consent decree.  The Classification Specialist at Kilby Correctional Facility requested that Plaintiff's case be reviewed for sex offender status.  Exhibit 1.  Information was gathered from Plaintiff, and the Central Review Board Analyst determined that Plaintiff should be classified as a sex offender. Exhibit 1.  Defendant Donna Edwards was not the Central Review Board Analyst that classified Plaintiff as a sex offender or the Classification Specialist that requested a review of Plaintiff's status.  Exhibit 1.

On October 11, 2006, Plaintiff wrote Defendant Edwards a letter in which he questioned being classified as a sex offender.  Exhibit 1.  This October letter contained inconsistencies with statements given to the Classification Specialist at Kilby, but never

denied that a sexual offense occurred.  Exhibit 1.  In fact, to this date, Plaintiff has never denied that a sexual offense occurred, but merely tries to brush it off by stating that his agreeing to a consent decree for sexual abuse I does not allow for his classification as a sexual offender.

Sexual Abuse I is listed as a Megan's Law Crime.  Exhibit 1. The Classification manual used by the Alabama Department of Corrections states that inmates are subject to having the "S" designation added to their AIS# identifying them as a sexual offender if they are guilty of an enumerated crime, which sexual abuse I is, if guilt is determined by plea agreement, trial, youthful offender adjudication, ". . . or any other adjudication." Exhibit 1.  Furthermore, the manual provides that if the adjudication is of a juvenile, then the "S" suffix is added only with the intention of prompting ". . . a referral to the responsible party (Dept. of Safety) to implement the procedures set out in the Code. Community notification is made, if at all, only after those procedures have been followed and if the criterion for notification is met."  Exhibit 1.

The Plaintiff has no protected right to work release placement or any specific classification.  Each prisoner is evaluated based on their own individual record.  The classification procedures are consistently applied to all prisoners.  Exhibit 1.

## ARGUMENT

Initially, it must be noted that Plaintiff has sued Donna Edwards, however, she was not the Central Review Board Analyst that classified Plaintiff as a sex offender or the Classification Specialist that requested a review of Plaintiff's status.  Exhibit 1.  In short, Ms. Edwards's sole involvement in this matter has taken place well after the fact of classification.  Regardless, Plaintiff's classification is proper.

The State's system for the classification of inmates has been determined to be constitutional, and has been deemed to withstand the constitutional test for discriminatory state action as the State's interests provide the rational basis necessary.  See, *Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988).  Furthermore, Plaintiff has no liberty interest in any particular prison classification and therefore has suffered no constitutional violation.

The Due Process Clause of the United States Constitution only protects an individual from restraints that impose significant and atypical hardships on the prisoner in relation to ordinary prison life.  *Sandlin v. Conner*, 515 U.S. 472, 484 (1995) ( holding that inmates had no liberty interest in being free from disciplinary segregation).  There is simply no liberty interest in any particular classification status.  See, *Rogers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998); *Meachum v. Fano*, 427 U.S. 215 (1976) (holding that there is no liberty interest in being free from being transferred to a less agreeable prison); *Moody v. Daggett*, 429 U.S. 78, 88 (1976) (noting that inmates have no liberty interest in eligibility for rehabilitative programs).  The 11th Circuit has followed this line of cases to hold that inmates have no liberty interest in being placed into work release. *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988).

Because Plaintiff has no liberty interest in any particular classification, he can only state a cause of action if the defendants denied him a classification based solely on ***admittedly*** false information.  See, *Monroe v. Thigpen*, 932 F.2d 1437, 1441-42 (11th Cir. 1991).  There is no evidence in this case to support such a claim by Plaintiff.  Plaintiff was classified as a sexual offender based on his admitted sexual offense of sexual abuse I that he voluntarily agreed to allow consent decree to be entered adjudicating him of guilt. The Plaintiff simply has stated no cause of action against this defendant.

The plaintiff has failed to state a claim because he has failed to show he was classified as a sex offender without due process and he has failed to show any deprivation of a constitutional right.  He was afforded due process in that he voluntarily allowed a Consent Decree to be entered against him in which he was determined to be guilty of Sexual Abuse I.  He does not have the right to another hearing before classification as a sex offender when he has previously been found guilty of a sex offense.  *Kirby v. Siegelman*, 195 F. 3d 1285, 1292 (11th Cir. 1999) (holding that "[a]n inmate who has *never* been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender") (emphasis added).

An inmate may claim the protection of the due process clause only if the state deprives him of a property or liberty interest that is a legal entitlement under state or federal law.  *Meachum v. Fano*, 427 U.S. 215 (1976).  It is well settled that "inmates have neither a protectable property nor liberty interest in custodial classification."  *Mikeska v. Collins*, 900 F. 2d 833, 836 (5th Cir. 1990).  As the Fifth Circuit explained:

> In *Moody v. Daggett*, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), the Supreme Court said that prison classification is a matter delegated by Congress to the discretion of federal prison officials, and thus implicates no "legitimate statutory or constitutional entitlement sufficient to invoke due process," 429 U.S. at 88 n. 9, 97 S.Ct. at 279. In the state prison context, convicts have no due process right to any classification system beyond that mandated by state law.  We have often emphasized that classification is a matter relegated to the discretion of prison officials.

*Jones v. Diamond*, 594 F.2d 997, 1015 (5th Cir. 1979).  In addition, the United States Supreme Court has stated that,

> [A]s long as the condition or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the

> Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.

*Hewitt v. Helms*, 459 U.S. 460, 468 (1983). The Eleventh Circuit has held that Alabama's process of determining the custody of prisoners "is not arbitrary and capricious, but reasonable and appropriate." *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986). Only if the classification system is applied maliciously or in bad faith does it become unconstitutional. *Monroe v. Thigpen,* 932 F.2d 1437 (11th Cir. 1991); *Hendking, supra*.

The Eleventh Circuit has held, however, that inmates "have a liberty interest in not being branded a sex offender." *Kirby v. Siegelman*, 195 F. 3d 1285, 1291 (11th Cir. 1999). Thus, "an inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender." *Id.* at 1292. As noted above, the plaintiff was found guilty of a sex crime and allowed a consent decree to be entered stating such. Additionally, Plaintiff was allowed to explain and present evidence of the past crime of sexual abuse I prior to his classification as a sex offender. Therefore, *Kirby* does not apply and Plaintiff is not entitled to an additional hearing before classification as a sex offender. The plaintiff has no constitutional right to any particular classification or prison assignment. *See, Jones, supra*.

There is no evidence in this case that defendants relied on any false information in classifying the plaintiff as a sex offender or in applying the ADOC classification guidelines. There is no evidence that the defendants' classification of plaintiff is malicious and inappropriate. The defendant has presented substantial evidence to show that the plaintiff is properly classified as a sex offender. The classification does not alter

the sentence against him nor otherwise violate the constitution.  The plaintiff has no due process right to the prison or prison privileges of his choosing. *See Monroe, supra; see also Francis v. Fox*, 838 F. 2d 1147 (11th Cir. 1988) (holding that there is no liberty interest protected by the due process clause in work-release under Alabama law). Therefore, the defendant is entitled to a summary judgment in their favor.

This case should also be dismissed because the Defendant is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry.  *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984).  "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit."  *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendant should be dismissed based on immunity.

In addition, the Defendant is protected by qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials

and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).  The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979).  The Defendant has not violated Plaintiff's clearly established rights; thus, she is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law.  WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the claims against her.

Respectfully submitted,

TROY KING
Attorney General


/s/ Benjamin H. Albritton
Benjamin H. Albritton (ASB-0993-R67B)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this the 7th day of March, 2007, served a copy of the

foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid

and properly addressed as follows:

> Jomedgar Drake, AIS 236373
> Easterling Correctional Facility
> 200 Wallace Drive
> Clio, AL  36017

<u>/s/ Benjamin H. Albritton</u>
Benjamin H. Albritton
Assistant Attorney General

STATE OF ALABAMA:          CIVIL ACTION NO. 206-CV-1059-ME

MONTGOMERY COUNTY:      DRAKE, JOMEDGAR #236373S

## A F F I D A V I T

My name is Donna Edwards and I am presently employed as a Classification Review Board Analyst with the Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I am qualified to testify to the following with respect to the issues raised in this pleading.

Plaintiff, in his complaint delivered to me February 1, 2007, states his rights have been violated as respondent labeled him a sex offender without a conviction for a sex case. Plaintiff states he wrote Central Records to have this information expunged from his file.

Respondent replies that she is not employed in the Records division, but is employed in the Classification division.

Respondent further replies that she is not the Review Board Analyst that classified plaintiff as a sex offender. A partial Pre-Sentence Investigation (PSI) was available when plaintiff was originally classified February 15, 2006 (see exhibit A). The PSI shows a 2/14/00 juvenile sexual abuse I - consent decree. The Classification Specialist at Kilby requested plaintiff's case be reviewed for sex offender status.(Exhibit B) Based on information provided by plaintiff, the Central Review Board Analyst did see enough information to classify plaintiff as a sex offender (Exhibit B and D). On October 11, 2006, plaintiff wrote respondent letter about being classified as a sex offender. Respondent addressed plaintiff's questions (Exhibit C). It should be noted that in this letter, plaintiff states he was 13-14 years old at the time of the offense, when in fact he was 16 years old as he told the Classification Specialist at Kilby (Exhibit D). It should further be noted plaintiff never denied a sexual offense occurred, but states it was only a fondling violation ("touched the victim on the butt"). As this is a juvenile case and per the plaintiff the victim is deceased the actual details of the offense will probably never be known (Exhibits C and D).

EXHIBIT

PENGAD 800-631-6989

1

Page 2 Drake, Jomedgar #236373S

Respondent states that Sexual Abuse I is listed as a Megan's Law Crime. The Classification Manual states that if a juvenile is adjudicated of one of the listed crimes, the "S" suffix is added to the AIS number to prompt a referral to the responsible party (Department of Public Safety) to implement procedures set out in the Code of Alabama. Community notification is made, if at all, only after those procedures have been followed and if the criterion for notification is met. (Exhibit E).

Respondent adds that to the best of her knowledge there is no inmate right to work release placement or to any specific classification decision regarding custody, placement, or programs. Each prisoner is individually evaluated on their own record. To the best of respondent's knowledge classification procedures are consistently applied throughout the Alabama Dept. of Corrections without regard to race, creed, sex or national origin. Therefore, respondent denies any violation of plaintiff's rights in any way.

*Donna Edwards*

Donna Edwards

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 1th day of February, 2007.

Notary Public

## ALABAMA BOARD OF PARDONS AND PAROLES

| REPORT OF INVESTIGATION |
|---|

| | | | | |
|---|---|---|---|---|
| **Type of Investigation:** | YOA | | **Date Dictated:** | 07/15/2004 |
| **Name:** | DRAKE JOMEDGAR | | **PR#:** | PR200400642300 |
| **Alias:** | | | | |
| **RS** | BM | **DOB:** 10/22/1984 **Est. Age:** 19 | **Height and Weight:** | 6'00" \| 160 |
| **Complexion:** | MBR | **Color of Hair:** BLK | **Color of Eyes:** | BRO |
| **Bodily Marks:** | | | | |
| **Driver's License:** | AL | **SSN:** | 423198783 | |
| **AIS#:** | 000000 **FBI#:** | **SID:** | | |
| **Phone #:** | 2514568507 | | | |
| **Address:** | 4202 NEW STREET | | | |
| | WHISTLER, AL 36612 | | | |

| OFFENSE(S) OF INVESTIGATION |
|---|

| | | | | |
|---|---|---|---|---|
| **County:** | Mobile | | **Case #:** | DC 2004 001815.00 |
| **Offense(s):** | | | | |
| | BURGLARY 3RD DEGREE | | | |

| **Sentence(s)** | **Date** | **Begin Date** | **Conf Imp** | **Conf Susp** | **Probation** | **Restitution** |
|---|---|---|---|---|---|---|
| BURGLARY 3RD DEGREE : V | | | | | | $ 0.00 |

| | | | |
|---|---|---|---|
| **Date of Arrest:** 02/29/2004 | **Date of Bond:** 02/29/2004 | **Bond Amt.:** | $ 3000.00 |
| **Judge:** MICHAEL E. MCMAKEN | **D.A.:** ROBINSON R ALEXANDER | | |
| **Attorney:** MCLAUGHLIN ROBERT B W | **Retained:** | **Appointed:** | X |

**Court Ordered Restitution:** $0

**NOTES:**

---

**PRESENT OFFENSE(S)**

---

**County Court and Case Number:**      Mobile, CC 2004 002061.00

**Offense(s)**

  BURGLARY 3RD DEGREE

| Sentence(s) | Date | Begin Date | Conf Imp | Conf Susp | Prob. | Rest. |
|---|---|---|---|---|---|---|
| BUR3 : G | | | | | | |

**Date of Sentence:**

**Details of Offense:**

**On Probation At Arrest:**

**On Parole At Arrest:**

**Serious Physical Injury Barring Parole:**

**Subject's Statement:**

**Case Status of Co-defendants:**

**Location of Offense:**

**Court Ordered Restitution:**      $0

**County Court and Case Number:**      Mobile, DC 2004 001815.00

**Offense(s)**

  BURGLARY 3RD DEGREE

| Sentence(s) | Date | Begin Date | Conf Imp | Conf Susp | Prob. | Rest. |
|---|---|---|---|---|---|---|
| BURGLARY 3RD DEGREE : V | | | | | | $ 0.00 |

**Date of Sentence:**

**Details of Offense:**      (1) ACCORDING TO THE OFFENSE REPORT OF DET. RICK CHENOWETH WITH THE MOBILE POLICE DEPARTMENT ON 2/29/2004 OFFICERS RESPONDED TO A SILENT ALARM AT KEN'S CAR TUNES LOCATED AT 3358 SPRINGHILL AVENUE. OFFICERS CONTACTED THE OWNER, KENNETH STAFFORD AND HE CAME TO THE BUSINESS AND ALLOWED POLICE TO ENTER. THE OFFICERS FOUND THAT THE SUSPECTS IN THE BURGLARY HAD FALLEN THRU THE CEILING. ONE SUSPECT, JOMEDGAR DRAKE HAD RECEIVED A CUT TO HIS FINGER AND RECEIVED MEDICAL ATTENTION. HIS ACCOMPLIANCE, DARRIUS WHITE, GAVE OFFICERS FALSE INFORMATION AND WAS FOUND TO BE A JUVENILE. BOTH SUBJECTS GAVE TAPED CONFESSIONS. JOMEDGAR DRAKE WAS ARRESTED AND CHARGED WITH BURGLARY 3RD. DARRIUS WHITE WAS TREATED AS A JUVENILE.

**On Probation At Arrest:** No

**On Parole At Arrest:** No

**Serious Physical Injury Barring Parole:** No

**Subject's Statement:** (1) NO STATEMENT IS INCLUDED AS THIS IS A YOUTHFUL OFFENDER INVESTIGATION.

**Case Status of Co-defendants:** (1) DARRIUS WHITE - JUVENILE

**Location of Offense:** MOBILE CITY LIMITS

**Court Ordered Restitution:** $0

**County Court and Case Number:**     Baldwin, CC 2004 001661.00

**Offense(s)**

ROBBERY 1ST

| Sentence(s) | Date | Begin Date | Conf Imp | Conf Susp | Prob. | Rest. |
|---|---|---|---|---|---|---|
| ROB1 : G | | | | | | |

**Date of Sentence:**

**Details of Offense:**

**On Probation At Arrest:**

**On Parole At Arrest:**

**Serious Physical Injury Barring Parole:**

**Subject's Statement:**

**Case Status of Co-defendants:**

**Location of Offense:**

**Court Ordered Restitution:**          $0

| RECORD OF ARREST(S) |
|---|

| Date | Agency ORI | Type | Charge | Disposition |
|---|---|---|---|---|
| | BALDWIN COUNTY | | | |

| 05/07/2004 | SHERIFF'S OFFICE | Prior Adult | ROBBERY 1ST DC04-2245 | Other: PENDING. |
| 02/14/2000 | STRICKLAND YOUTH CENTER | Prior Juvenile | SEXUAL ABUSE 1ST | Other: CONSENT DECREE |
| 09/07/2002 | STRICKLAND YOUTH CENTER | Prior Juvenile | BURGLARY 3RD | Other: PROBATION |

## PERSONAL/SOCIAL HISTORY

### Marital Status/History Married

| Name | Address | DOB | DOD | Marriage Begin/End |
|------|---------|-----|-----|--------------------|
| RANQUEL DRAKE | 4202 NEW STREET WHISTLER, ALABAMA | 03/21/1983 | | 04/04/2004 - |

### Children

| Name | Address | DOB | DOD | Other Parent |
|------|---------|-----|-----|--------------|
| JAMAICA JORDAN DRAKE | 4202 NEW STREET WHISTLER, ALABAMA | 06/16/2004 | | RANQUEL DRAKE |

### Housing History

| | | | |
|---|---|---|---|
| **Orphanage:** | No | **Homeless:** | No |
| **Foster Home:** | No | **Other Institution:** | No |
| **Boarding School:** | No | | |

### Health

| | | |
|---|---|---|
| **Physical Disability:** | Yes | EPILEPTIC SEIZURES |
| **Mental Disability:** | No | |
| **Psychological Report:** | No | |
| **Prescribed Medications:** | Yes | DILANTIN |
| **Defendants Opinion Of Drug Problem:** | Denies | |
| **Past Drugs:** | Yes | MARIJUANA |
| **Treatment History:** | | |
| **Present Drugs:** | No | |
| **Defendants Opinion Of Alcohol Problem:** | Denies | |

### Education

#### High School

| Last Grade Completed | Name/Year | If DropOut, Reason why: |
|----------------------|-----------|-------------------------|
| HSGraduate | VIGOR HIGH SCHOOL, 2003 | |

#### College

| Last Level Completed | Name/Year | If DropOut, Reason why: |
|----------------------|-----------|-------------------------|

#### Further Education/Training

| Type | Place | Length | Completed |
|------|-------|--------|-----------|
|      |       |        | Yes       |

## Financial Status

Owns:

## Employment History

| Type/Employer | Begin Date | # Months | Pay | Reason For Leaving |
|---------------|------------|----------|-----|--------------------|
| COOK \ ARBY'S | 02/2002 | 2 | $5.25 | QUIT |
| GROUNDSKEEPER \ SPREHION | 09/2003 | 3 | $6.15 | TEMP JOB |

## Military Record

| Registered W/Selective Service | Served | Length Of Service | Discharge Type |
|--------------------------------|--------|-------------------|----------------|
| No | | | |

| Discharge Reason | Highest\Discharge Rank | Military Job Title | Medals/Awards |
|------------------|------------------------|--------------------|----------------|
| | \ | | |

Notes:

## Offender's Family

### Parents

| Father | Address | DOB | Felony Conv. | Deceased |
|--------|---------|-----|--------------|----------|
| MEDGAR JOE TAYLOR | UNKNOWN | | | |

| Mother | Address | DOB | Felony Conv. | Deceased |
|--------|---------|-----|--------------|----------|
| NINA DRAKE | 4202 NEW STREET WHISTLER, ALABAMA 36612 | 12/06/1962 | No | |

### Siblings

| Name | Address | DOB | Felony Conv. |
|------|---------|-----|--------------|
| SHEMETRICA DRAKE | 4202 NEW STREET WHISTLER, ALABAMA 36612 | 04/29/1992 | No |
| DEMETRIUS DRAKE | 4202 NEW STREET WHISTLER, ALABAMA 36612 | 10/16/1990 | No |

Notes:

### Personal Relationship

**Relationship w/father:**  N/A

**Relationship w/mother:**  Good

**Relationship w/siblings:**  Good

## PROBATION PLAN

### Home

| Living With | Address | Relation |
|-------------|---------|----------|
| | | |

NINA DRAKE                     4202 NEW STREET                              MOTHER
                               WHISTLER, ALABAMA

| Employment | | | |
|---|---|---|---|
| **Employer** | **Address** | **Phone** | **Pay Rate** |
| WILL SEEK EMPLOYMENT | | | |

| Treatments | |
|---|---|
| **Treatment Type** | **Treatment Description** |

**Officer Remarks:**          DRAKE HAS AN INTERVIEW AT WALMART ON JULY 13,2004.

**Recommendations To Court:**   NONE

Signed and dated at _____,

Alabama the _____ day of _____ _____

PETTIS PAMELA

Alabama Probation and Parole Officer

PBF 203

Reviewed By

AIS#: 003??3A          NAME: DRAKEY JONE(illegible)102?    CR#/24/03

EARNING STATUS:    PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS – .......R&CC.........

RECOMMEDEI CUSTODY IS – ......Med.....    APPROVED CUSTODY IS – .....Med....

RECOMMANDE INST IS – ......Fountain......    APPROVED PLACEMENT IS – .....Fountain....... Easterling

PRESENT WRK    ASSIGNMENT              NEW WORK ASSIGNMENT

PRIMARY – .........................    MOVED

SECONDARY– .......................    FEB 27 2006

PROGRAM ARTICIPATION – ...........    TAS

.....................................

WAIVER OF CRITERIA REQUESTED FOR – ...........................

JUSTIFICATION AND COMMENTS – 2lyr serving 5yr split for Rob I. Priors are Burg III. Partial PSI. No details on Robbery I. Prior JV conviction for Sex Abuse I, and Burg III. Victim in Sex Abuse I was 12 or 13, inappropriately touched.

Recommend Subject be reviewed for "S" suffix due to Sexual Abuse I conviction as JV. Recommend placement at Fountain in Medium Custody due to lack of Source Material on Rob I.

Needs "S" suffix

_____ 2/15/06                    Fountain / E.B. Beling
CLASSIFICATION SPECIALIST    DATE    CLASSIFICATION CO-ORDINATOR    DATE
                                          2-17-06 – Med
_____ _____    _____
PSYCHOLOGIST    DATE    CENTRAL REVIEW BOARD    DATE

_____ 2/16/06    _____ 4/2/06
WARDEN OR REPRESENTATIVE    DATE    CENTRAL REVIEW BOARD    DATE

_____ 2/15/06    _____
INMATE    DATE    CENTRAL REVIEW BOARD    DATE

Exhibit C

recvd RE 10/17/06

10/11/06

Mrs. Edwards,

I'm writing you an Regards of my ~~situation~~ situation. I'm an, I'm incarcerated at Easterling Correction Facility and my Classification officer Mr. Barrow has told me that ya'll Class me up as a sex offender based on my Juvenile Record. This is my Third letter to ya'll regarding this situation and I don't know what happen but that was some kind of mistake. I'm 21 years old and married with 4 kids and I never had to apply for no such thing. That happen an ~~so~~ between 99-2000 and I was between 13-14 at the time that happen. To make a long story short regarding that Sexual Abuse Case on my Juvenile record I was never convicted of it and the victim was my Step-Cousin at the time and the lawyers came with a Consent ~~decree~~ decree the last time I wrote I even sent the difinition of "Consent Decree". My Classification officer tells me that you are the ones who class me up as this off the PSI Report and he also tells me I'm restricted from Work-Release and honor Camp because of this, I don't have a bad record Ms. Edwards. The reason I'm back an prison is ~~a~~ because of a old charge I had. I caught my first charge an Mobile thats where I'm from it was a ~~burglary~~ burglary 3rd and while out on bond for that I caught a Robbery 1st charge an baldwin County. I caught both of these charges at the age of 19 an 2004. Mobile came with 5 years split 90 days, So I went to Kilby

and on Oct 26. 2004 I left Kilby, but was still out on bond for the Robbery Charge Which I'm back on now. I sign those plea Bargin Nov 22. 2005, My mother went to the youth Center and ask them about that, they told her they don't know Why ya'll did this. I'm really I am Confuse about this, the only thing on my juvenile Record is The Sexual Abuse case Which was drop twice and a Attempted Burglary 3rd I Caught in 2002 I received 6 months probation for that and My Charge in mobile plus this one is my first offense. I'm serving on a 20 split 5 yrs. Now I have 2 yrs. 5 months built up on my 5 year sentence. So if Someone Could write me or Call My Mother and wife and let us know Why I was class up as that and for what Reason that it will take alot off our shoulder you Can reach My Wife Ranquel Drake at (251)456-8507 or (251)406-4195 I really appralate your time you took to Read this letter but if there's Something you Can do or look into this problem please do So. Thank you very much and may god bless you.

Jomedgar Drake    #236373
Jomedgar DRAKE
My Case # 04-1661

P.S. So dat you know I graduated from High school in 2003 from C.F. Vigor in Prichard. And My Classification officer trying to make me take Sex and Anoymos Classes. I told him I'm

progress Review that he was going to look at me as a Sex offender.


Inmate Drake,

While I was not the CRB member that reviewed your case, I will attempt to answer your question.

You admitted to touching the victim (age 11 or 12) on the "butt" when you were 16. You further stated that the DA approached you and said to pay court costs, and you would receive 6 months unsupervised probation As a result, you were convicted of Sexual Abuse I.

Pages 47 ~~and~~ 48 and 49 of the Classification manual apply to you. Pay particular attention to the last paragraph on page 48 which continues on page 49. You were adjudicated of Sexual Abuse I, therefore the "S" suffix is appropriate.

D. Edwards 10/23/06

## Holt, Kathy

**From:** MacLean, Bobby
**Sent:** Wednesday, February 22, 2006 11:30 AM
**To:** Holt, Kathy
**Subject:** FW: DRAKE, JOMEDGAR 236373A - "S" suffix

Drake is currently serving a 20 year sentence (split) with 5 years to serve for Robbery I (1661) from Baldwin County. The Report of Investigation completed by the Al. Board of Pardons and Paroles indicates a 2-14-2000 juvenile Sexual Abuse case. Based on that information and the information provided below it has been determined that he should be given an "S" suffix. If you need additional information please advise.

-----Original Message-----
From: Tant, Jack
Sent: Wednesday, February 22, 2006 10:26 AM
To: MacLean, Bobby
Subject: RE: DRAKE, JOMEDGAR 236373A

This is what Drake told me.

He states that the victim stated that he touched her on her "Butt." Couldn't be proved. Her word versus his word. Subject states he was 16 and victim 11 or 12. Further states that DA approached him and said to pay court costs and he would receive 6 mos unsupervised probation. This incident happenned at subject's Grandmother's house and he did not get "locked up" for it. Victim is deceased due to suicide over another unrelated incident in 2003, again, per subject. Subject couldn't explain consent decree, but it sounds like a plea bargain to me. Of course he is going to minimize the situation. Hope this helps.

-----Original Message-----
From: MacLean, Bobby
Sent: Wednesday, February 22, 2006 9:53 AM
To: Tant, Jack
Subject: DRAKE, JOMEDGAR 236373A

Jack - try to get some details concerning the prior juvenile sexual abuse case. How old was the victim? What did Drake actually do? Explain "consent decree". Was he sent to Stricland Youth Center because of this incident or did it happen at the Youth Center or somewhere else? You probably will need to obtain much of this info from the inmate himself as this was a juvenile case. Let me know what you find out.



Entered Terminals
2-22-06
(date)    (by)

1

judge. For further explanation see Administrative
Regulation 490.

VII.  **SPECIAL EDUCATION SERVICES INMATES**

Inmates, age 21 and below, who have been identified by the
State Department of Education staff as having a special
education need, such as, but not limited to mental
retardation, learning disability, Attention Deficient
Disorder, etc., are required by ADOC to be sent to one of
the below listed facilities if all other criteria are met
(no threat to institutional security; no psychological
instability, no medical issues, not A&I, etc.):

Draper, Tutwiler (females), Donaldson, Childersburg Work
Release/Birmingham Work Release/Boot Camp, Staton,
Montgomery CWC and Frank Lee.

Note:  Whenever there is a conflict between special
education, medical issues, and security concerns, the
medical issue will prevail.

VIII. **ACT 98-489 - SEX OFFENDER NOTIFICATION LAW (MEGAN'S LAW)**

The sex offender notification act was signed into law by
Governor James on 5/1/98.  This law is far more detailed
than its predecessor and will require this Department to
conduct a thorough review of all inmates files at every
institution and facility to determine not only who is
affected now, but to also document certain information now
required by law.  This law is effective 8-1-98 and is
applicable to any release (EOS, Parole, Probation, etc.)
thereafter.

The specific crimes cited in this law are as follows:

| | |
|---|---|
| 13A-6-61 | Rape 1st Degree |
| 13A-6-92 | Rape 2nd Degree |
| 13A-6-63 | Sodomy 1st Degree |
| 13A-6-64 | Sodomy 2nd Degree |
| 13A-6-65.1 | Sexual Torture |
| 13A-6-66 | Sexual Abuse 1st Degree |
| 13A-6-67 | Sexual Abuse 2nd Degree |
| 13-6-69 | Enticing a Child to Enter Vehicle, House, etc. for Immoral Purposes |
| 13A-12-111 | Promoting Prostitution 1st Degree |
| 13A-12-112 | Promoting Prostitution 2nd Degree |
| 13A-12-191 | Dissemination or Public Display of Obscene Matter Containing Visual Reproduction of Persons less than 17   YOA Involved in Obscene Acts |
| 13A-12-192 | Possession and Possession With Intent to Disseminate Obscene Matter Containing Visual Reproduction of Persons under 17 YOA Involved in Obscene Acts; Prima Facie Evidence of Possession with Intent to Disseminate; Penalty |
| 13A-12-196 | Parents or Guardians Permitting Children to engage in Production of Obscene Matter, Guilty |

Office DEPOT.

|   | of Class A Felony |
| 13A-12-197 | Production of Obscene Matter Containing Visual Reproduction of Persons Less than 17 YOA Involved in Obscene Acts |
| 13A-12-43 | Kidnapping of a Minor (18 or Under) 1st Degree (Except by a Parent) |
| 13A-12-44 | Kidnapping of a Minor (18 or Under) 2nd Degree (Except by a Parent) |
| 13A-13-3 | Incest when Offender is an Adult (19 or Older) and the Victim is a Minor (18 or Under) |
| 13-A-6-110 | Soliciting a Child by Computer |
| 13A-6-111 | Transmitting Obscene Material to a Child by Computer |

Inmates affected are those **CONVICTED OF THE ABOVE CRIMES OR CONVICTED OF ANY SOLICITATION, ATTEMPT, OR CONSPIRACY TO COMMIT** such crimes, whether in Alabama or any other state, federal, military, Indian, or foreign jurisdiction, with determination of guilt being as a result of a plea, trial, YOA adjudication*, or any other adjudication.

It is important to remember that the inmates identified for the "S" suffix under the provisions of Megan's Law require a conviction or adjudication for the actual crime itself.

The following information is required by Public Safety (CIC): (Form 26)

1. Name, AIS#, R/S, DOB
2. Brief statement of offense
3. Location of offense (state, county, town, etc.)
4. Age and Gender of Victim
5. Scars, tattoos, birthmarks, or other distinctive physical Characteristics
6. Type of Release

Those inmates identified under this law will be identified by the "S" Suffix being added to their AIS #. Those inmates who currently have a suffix of "X" or "Y" will not be changed. In the event it should be determined that an "S" suffix has been incorrectly placed, it will be the responsibility of the institution to make the appropriate request to the Director of Central Records to have the suffix removed.

*YOA adjudication – if a sex offense, and is the only sex offense of record (i.e. no prior juvenile sex offenses) the inmate's information should be sent forward with the following statement:

YOA ADJUDICATION – JUVENILE CRIMINAL SEX OFFENDER.

If a youthful offender criminal sex offender has been previously adjudicated or convicted of a criminal sex offense, he or she shall be treated as an adult criminal sex offender.

If a juvenile is adjudicated of one of the listed crimes, the "S" suffix is to be added in that the "S" is only intended to prompt a referral to the responsible party

(Dept. of Public Safety) to implement the procedures set out in the Code. Community notification is made, if at all, only after those procedures have been followed and if the criterion for notification is met.