IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JOMEDGAR DRAKE, #236 373 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-1059-MEF |
| | | (WO) |
| DONNA EDWARDS | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on November 28, 2006 against Donna Edwards ["Edwards"], a classification review board analyst for the Alabama Department of Corrections ["ADOC"]. Plaintiff complains that Edwards has classified him as a sex offender even though he has never been convicted of a sex crime. He requests that Edwards expunge any and all information in his inmate file which erroneously references and/or classifies him as a sex offender.

Pursuant to the orders of this court, Edwards filed an answer, special report and supporting evidentiary material addressing Plaintiff's claims for relief. (*Doc. Nos. 9, 10*.) The court then informed Plaintiff that Edwards' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Edwards. (*Doc. No. 12*.) This case is now pending on Edwards'

motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff' opposition to the motion, the court concludes that Edwards' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (*per curiam*) (quoting Fed.R.Civ.P. 56(c)). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met her evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to Plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.,*

929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, ___ U.S. ___, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive Defendant's properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably

3

find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging a defendant's actions); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

5

issue of material fact. *Beard*, ___ U.S. at ___, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

*A. The False Information Claim.*

According to Plaintiff's complaint, he entered into a consent decree at the age of 15 or 16 on a juvenile sex abuse case which involved his now deceased step-cousin.[1] Because he was not actually convicted of a sex crime, Plaintiff argues that he is being erroneously classified as a sex offender which violates his due process rights. Plaintiff further alleges that the sexual offender classification prejudices him because it effects his ability to be classified to a lower custody level, to be assigned to work release, as well as when he may be released from prison. Because he never received a criminal conviction for sex crime, Plaintiff maintains that any information in his inmate file concerning him being classified as a sexual offender is erroneous and should be expunged. (*Doc. No. 1.*)

Defendant Edwards is currently a classification review board analyst with the ADOC.[2] Plaintiff's institutional records show that he received an original classification on February 15, 2006 at the Kilby Correctional Facility. During that proceeding, classification officials had before them information from a partial pre-sentence investigation ["PSI"] report on Plaintiff

---

[1] Plaintiff states that his step-cousin committed suicide.

[2] Edwards affirms that she was not involved in Plaintiff's original classification as a sex offender. (*Doc. No. 10, Exh. 1.*)

6

which reflected, among other things, a record of his prior arrests. Plaintiff's arrest history indicated that he was charged with burglary in the third degree in September of 2002 and charged with first degree sexual abuse in February 2000. According to Plaintiff's PSI the disposition of the former charge shows that he received probation and for the latter charge he received a disposition of "consent decree." Based on the information before them, ADOC classification personnel determined that Plaintiff's prior criminal history warranted his classification as a sex offender. (*Doc. No. 10, Exhs. 1, A, B, D*.)

Due to the nature and details surrounding Plaintiff's charge for first degree sexual abuse, Edwards states that classification personnel determined that enough information existed to classify him as a sex offender. Edwards notes that Plaintiff does not deny that the sexual offense occurred; rather, he believes the classification is improper because he did not receive a conviction for the offense and the only result was a consent decree which he claims was binding only between him and his step-cousin. Defendant Edwards maintains, however, that the ADOC classification manual directs that if a juvenile receives an adjudication of a specific crime enumerated under the sex offender notification law (Megan's Law), of which first degree sexual abuse is one such enumerated crime, the "S" suffix is added to the inmate's AIS number. With regard to juvenile offenders, this designation only prompts a referral to the Department of Public Safety in order to implement appropriate and applicable procedures set forth under state law. Community notification is made, if at all, only after those procedures have been followed and if the criterion for notification is met. (*Doc. No. 10, Exhs. 1, E*.)

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the court considered a *pro se*

inmate's complaint in which the inmate argued a deprivation of due process as a result of erroneous information in his prison file which the inmate alleged was used to deny him fair consideration for parole and minimum custody status. Monroe alleged that presentence report information indicating he had raped the victim of his crime was false. The defendants admitted the presentence information was false. Acknowledging that he had no liberty interest in parole, Monroe claimed a due process right to be fairly considered for parole. He contended that the defendants' reliance on admittedly false information in order to deny him parole or minimum security classification violated due process.

The *Monroe* court held that the defendants' reliance on admittedly false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the constitution. In *Monroe*, however, the court was careful to distinguish its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

> Our holding today does not conflict with our earlier holding in *Slocum, supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison

authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.2d at 1442.

*Slocum* controls the disposition of the instant case. The *Slocum* court held that prisoners do not state a due process claim by merely asserting that erroneous information exists in their prison files. Moreover, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). Edwards does not admit that information contained in Plaintiff's prison file, including the pre-sentence report describing the details of his prior criminal history, is incorrect or erroneous nor does she dispute Plaintiff's assertion that he was not convicted of a sex offense. Rather, Edwards states that the details of Plaintiff's 2000 juvenile adjudication were obtained from him as well as court records. Plaintiff's mere contention that there is false or erroneous information in his inmate file which is being used to classify him improperly as a sex offender within the Alabama Department of Corrections, without evidence of its falsity, is insufficient.³ Edwards is, therefore, entitled to summary

---

³Summary judgment is not precluded merely because the inmate disputes the validity of the information. In *Hewitt v. Helms*, 459 U.S. 460 (1983), the Court stated that "prison officials have broad administrative and discretionary authority over the institutions they manage and . . . lawfully incarcerated persons retain only a narrow range of protected liberty interest . . . broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking," . . . and . . . to hold . . . that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Id*. at 467.

judgment on this claim.

B. *The Custody Classification Claim*

Plaintiff complains that his sexual offender classification affects his ability to engage in favorable prison programs. Edwards argues that Plaintiff has no constitutional right to work release placement or any specific classification decision regarding custody levels. (*Doc. No. 10, Exh. a*.) The court need not decide whether Plaintiff has been classified improperly because, even if his classification is incorrect, his constitutional rights have not been violated.

An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (failure to place inmate in a lower classification level and/or less restrictive prison environment does not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."). *See also Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Hewitt v. Helms*, 459 U.S. 460 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Because Plaintiff has no constitutional right to a specific classification and/or security status, correctional officials may change his classification for a good reason, a bad reason, or no reason at all. Thus, a decision to deny Plaintiff a less restrictive classification or custody status and/or placement on work release does not violate his constitutional rights. Consequently, the motion for summary judgment with respect to this claim is due to be

granted in favor of Edwards.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Edwards' motion for summary judgment (*Doc. No. 10*), be GRANTED

2. Judgment be ENTERED in favor of Defendant Edwards and against Plaintiff; and

3. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **December 8, 2008** the parties are DIRECTED to file any objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

11

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of November 2008.

                                          /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE